IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Lynchburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO 6:07CR31 |
| | ) | |
| CHRISTOPHER STEVEN GOIN. | ) | |

**MOTION FOR NEW TRIAL PURSUANT TO**
**FEDEERL RULE OF CRIMINAL PROCEDURE, RULE 33**

COMES NOW the defendant, Christopher Steven Goin (hereinafter "Goin"), by counsel, and, pursuant to Federal Rule of Criminal Procedure 33, requests that this Honorable Court grant Goin a new trial based on new evidence discovered subsequent to Goin's sentencing hearing that revealed that Goin did not possess more than 500 grams of methamphetamines as charged in the indictment.

An eleven-count indictment charged six individuals, including Goin, with violations of federal drug, gun and forfeiture laws. Specifically, in Count One, Goin was charged with conspiring to manufacture, possess with intent to distribute and distribute more than 500 grams of methamphetamine, in violation of Title 21, United States Code, Section 846.

Under Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33; see also *United States v. Mitchell*, 602 F.2d 636, 639 (4th Cir. 1979) ("In circumstances [in which the defendant files a motion for new trial under Rule 33], the interest of justice is the touchstone for consideration."); 3 Wright & Miller, Federal Prac. & Proc. 556 (1982) ("Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial."). "By its terms, Rule

33 confers broad discretion on a district court." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000).

Furthermore, a new trial should be granted when new evidence is discovered. *United States v. Iannelli,* 528 F.2d 1290, 1292 (3d Cir.1976) *see also United States v. DiSalvo,* 34 F.3d 1204, 1215 (3d Cir. 1994) (noting that (a) the evidence must be, in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.).

## I. Factual History

On February 25, 2008, Goin appeared before Judge Moon in the Western District of Virginia. Pursuant to a plea agreement Goin entered a plea of guilty to the charge of conspiring to manufacture, possess with intent to distribute and distribute more than 500 grams of methamphetamine, in violation of Title 21, United States Code, Section 846. He, however, reserved the right to dispute the weight of the methamphetamines that he possessed pursuant to his plea agreement. At Goin's sentencing hearing, the Court heard testimony to determine the weight of methamphetamine possessed by Goin during the scope of the conspiracy charged.

The Government put on Special Agent Jeremy Childress ("Childress"), an Appomattox County Deputy Sheriff assigned to the FBI Drug Task Force in Lynchburg. Goin TR 15. He testified that he had information from Thomas Jamerson ("Jamerson") that Goin had received roughly 33 ounces (935 grams) of methamphetamine from him over the period charged in the indictment, January 2005 to August 2007. Goin TR 15-16. Childress further testified about a "log" sheet that belonged to Jamerson that allegedly detailed the "running tallies of drug

transactions [Jamerson had] with various individuals." Goin TR 17. Particularly, Childress testified that Jamerson would make notations in the tally of the date when a person paid on the amount owed and the amount of that payment. Goin TR 18. Childress admitted that the figures only covered a time period of less than two months. Goin TR 18-23.

The Government relied solely on the testimony of Childress to create a drug weight of more than 500 grams of methamphetamine, and, of importance for this pleading, Childress testified from his "recollection" on behalf of an absent Jamerson. Goin TR 11, 15-16. On cross-examination, Childress insisted that the information he received from Jamerson was accurate and that Jamerson did indeed sell Goin 33 ounces (935 grams) of methamphetamine. Goin TR 20.

## II. Evidence discovered subsequent to Goin's sentencing hearing that revealed that Goin did not possess more than 500 grams of methamphetamines.

On September 12, 2008, Jamerson testified, under oath, in Kenneth Sampler's ("Sampler") trial, who was another defendant named in the same conspiracy with Goin. Jamerson stated that he only took four trips to Georgia during which he successfully returned each time with one pound of methamphetamine. Sampler TR 29 & 85. Jamerson took each trip to Georgia with another co-defendant, Dennis Martin ("Martin"). *Id*. Jamerson testified that he would take 5 ounces (142 grams) of the methamphetamine and Martin would take 11 ounces upon their return. Sampler TR 63. Furthermore Jamerson's testimony was that he would take the 5 ounces (142 grams) from each trip and distribute them to four people, namely, Billy Lee, Whitney Brauford, Chris Goin and Jamerson's father. *Id*.

Contrary to Detective Childress' "recollection," Jamerson's testimony demonstrates that he did not distribute 935 grams to Goin. Indeed, Jamerson did not receive more than 569.4 grams from his trips to Georgia. Accordingly, in order for Jamerson to supply Goin with more than 500 grams of methamphetamine he must have supplied Goin with roughly 88% of his total

3

supply. In other words, Jamerson must have split no more than 69.4 grams or 2.4 ounces of methamphetamine between Billy Lee, Whitney Brauford and his father. However, Jamerson testified at Sampler's trial that he supplied Whitney Brauford 0.125 to 0.5 ounces of methamphetamine "frequently" for four years. Sampler TR 90-95. Indeed, if Jamerson supplied Brauford 0.5 ounces weekly for merely five weeks (or 0.125 for 20 weeks) and wholly neglected his other two customers, then Goin could have only received 17.5 ounces or 496 grams of methamphetamines during the course of the conspiracy charged in the indictment.

Based on Jamerson's testimony in Sampler's trial, Jamerson could not have distributed 33 ounces of methamphetamine to Goin. Childress' recollection and testimony of his conversation with Jamerson in Goin's sentencing differs drastically from Jamerson's sworn testimony in Sampler's trial.

This foregoing evidence was discovered subsequent to Goin's sentencing hearing. The newly discovered evidence goes straight to the heart of whether Goin possessed more than 500 grams of methamphetamines during the course of the conspiracy. Therefore, it is neither cumulative nor strictly for the purpose of impeaching Childress. Furthermore, the newly discovered evidence would likely produce an acquittal of the conduct charged in the indictment in that it proves that Goin did not receive 33 ounces (935 grams) from Jamerson. Instead Goin received less than 500 grams of methamphetamines.

### III.  CONCLUSION

For the foregoing reasons, Goin respectfully requests that this Honorable Court grant his motion for a new trial.

                                                                     Respectfully Submitted,
                                                                     CHRISTOPHER STEVEN GOIN


                                                                     By:  /s/ Shannon L. Taylor
                                                                             Counsel

Shannon L. Taylor, Esquire
Virginia State Bar No. 38852
The Law Offices of Boone Beale
27 N 17th St
Richmond, VA 23219
Telephone: 804-780-1111
Fax: 804-648-6211
Email: staylor@boonebeale.com


### CERTIFICTATE OF SERVICE

      I hereby certify that on the 29th day of March 2010, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Donald Ray Wolthuis
US Attorney's Office
P.O. Box 1709
Roanoke, Virginia 24008
(540) 857-2250
Email: donald.wolthuis@usdoj.gov


                                                                     /s/ Shannon L. Taylor
                                                                     _____

                                                                     Shannon L. Taylor, Esquire
                                                                     Virginia State Bar No. 38852
                                                                     Counsel for Christopher Stephen Goin
                                                                     The Law Offices of Boone Beale
                                                                     27 N. 17th Street
                                                                     Richmond, Virginia 23219
                                                                     804-780-1111
                                                                     Fax:  804-648-6211
                                                                     Email:  staylor@boonebeale.com